**UNITED STATES DISTRICT OF COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MELISSA McCOURT, | ) |
| | ) Civil Action No. |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| USA AUTO MALL, Inc. | ) **JURY TRIAL DEMANDED** |
| d/b/a AUTO MAXX, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1.   Plaintiff Melissa McCourt, by and through counsel, brings this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant USA Auto Mall, Inc. d/b/Auto Maxx (hereinafter, "Defendant" "Auto Maxx" or "Dealership") for violation of the Truth and Lending Act, 15 U.S.C. § 1601 et seq. (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (hereinafter, "Regulation Z").

**II. PARTIES, JURISDICTION AND VENUE**

2.   Paragraph 1 is incorporated by reference as if fully set out herein.

3.   Plaintiff Melissa McCourt is a resident of the state of Delaware, residing at 44 Diemidio Drive, Dover, DE 19901.

4.    Defendant USA Auto Mall, Inc. d/b/a Auto Maxx is a
Delaware Corporation engaged in the business of the sale of
motor vehicles, whose place of business if 4008 S. Dupont
Hwy., Dover, DE 19901, whose registered agent is Ralph
Deblasi, 4008 S. Dupont Hwy., Dover, DE 19901

5.    At all time relevant hereto, Defendant regularly
extended or offered to extend consumer credit for which a
finance charge is or may be imposed or which, by written
agreement, is payable in more than four installments, and
is the person to whom the transaction which is the subject
of this action is initially payable, making Defendant a
"creditor" within the meaning of TILA 15 U.S.C.§ 1602(f)
and Regulation Z §226.2(a)(17).

6.    The jurisdiction of this court is invoked pursuant to
the Truth in lending Action, 15 U.S.C. §1640(e) and 28
U.S.C. §1331 and 1337.

7.    Venue is proper in the District of Delaware, as it is
the judicial district wherein Defendant regularly conducts
business and where the events relevant to this action
occurred.

### FACTUAL ALLEGATIONS

8.    Paragraphs 1-7 are incorporated by reference as if
fully set out herein.

9.    On or about July 8, 2011, Plaintiff went to Auto Maxx
on 4008 S. Dupont Hwy, Dover, DE to look for a motor
vehicle to purchase

10.  On or about July 11, 2011, Defendant's Agent, Charlie
Hill selected a used vehicle for Plaintiff to purchase
which he said was within her credit/finance vehicle.

11.  On or about July 11, 2011, the parties entered into a
consumer transaction, in that Plaintiff agreed to enter
into a contract to purchase a certain motor vehicle for

2

personal, family or household use, to-wit: 1993 For Explorer, VIN # 1FMDU34X5PUD10219(the "subject vehicle"), from Defendant and, as part of the deal agreed on a purchase price of $2,977.00.

12. To the best of Plaintiff's knowledge, information and belief, the Defendant assigned the contract to Delmarva Auto Financial Services.

13.  On or about July 11, 2011 Plaintiff paid a down payment for the $700.  She paid two deferred down payment of $300.00 on August 2, 2011 and September 2, 2011 for a total down payment of $1300.00

14.  On or about July 11, 2011, the purchase agreement for the vehicle was memorialized in a Retail Install Contract and Security agreement (Exhibit 1).

15.  On or about July 11, 2011, Plaintiff took delivery of the 1993 Ford Explorer.

### COUNT I

16.  Paragraphs 1-15 are incorporated by reference as if fully set out herein.

17.  Defendant violated the Truth in Lending Act and Regulation Z by failing to properly deliver all disclosures as required by the Truth of Lending Act and Regulation Z because it did not deliver a complete set of written disclosures in a form that Plaintiff could keep prior to consummation as required by 15 U.S.C. §1638(b)(1).

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

a.   An award of actual damages in whatever amount Plaintiff is found to be entitled at trial pursuant to 15 U.S.C. §1640(a)(1);

b.   An award of statutory damages pursuant to 15 U.S.C. §1640(a) (2)(A)(i);

3

c.    An award of costs and reasonable attorneys fees in accordance with 15 U.S.C. §1640(a)(3).

d.    All other relief that the Court deems just.

## COUNT II

18.  Paragraphs 1-17 are incorporated by reference as if fully set out herein.

19.  On July 11, 2011, Defendant violated the TILA and Regulation Z by failing to provide the Plaintiff with an accurate disclosure of the cost of credit.

20.  The TILA disclosure statement issued in connection with the July 11, 2011 consumer credit transaction violated the requirements of the TIA and Regulation Z by understating the disclosed annual percentage rate in violation of the 12 U.S.C. §1638(a)(4) and Regulation Z § 226.18(e).

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

a.    An award of actual damages in whatever amount Plaintiff is found to be entitled at trial pursuant to 15 U.S.C. §1640(a)(1);

b.    An award of statutory damages pursuant to 15 U.S.C. §1640(a)(2)(A)(i);

c.    An award of costs and reasonable attorneys fees in accordance with 15 U.S.C. §1640(a)(3).

d.    All other relief that the Court deems just.

**JURY TRIAL DEMANDED**

Plaintiff demands a Trial by Jury on all Issues


/s/ Maggie R. Clausell

LAW OFFICE OF MAGGIE CLAUSELL, LLC
Maggie Clausell, Esq.
DE Bar ID #4532
9 E Loockerman Street Ste 205
Dover DE 19901
302-678-7644 (v)
302-678-0771 (f)

DATED:  July 9, 2012

## **AFFIDAVIT OF MELISSA McCOURT**
## **VERIFICATION OF COMPLAINT**

I, MELISSA McCOURT, do hereby certify that the claims, assertions and statements in the foregoing complaint are true to the best of my knowledge, information and belief and that the complaint is filed in good faith and for no untoward reasons.

_____

SWORN AND SUBSCRIBED BEFORE ME THIS _____ DAY OF _____ 2012,

_____