IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELISSA MCCOURT, | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-857-LPS |
| USA AUTO MALL, INC., d/b/a AUTO MAXX, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this 29th day of March, 2013:

Pending before the Court are a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (D.I. 4), filed by Defendant USA Auto Mall, Inc., d/b/a Auto Maxx ("Defendant"), as well as a Motion to Stay ("Motion to Stay") (D.I. 7), filed by Plaintiff Melissa McCourt ("Plaintiff"). For the reasons discussed below, the Court will deny both motions.

### I. BACKGROUND

Plaintiff filed this lawsuit against Defendant alleging that Defendant violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (hereinafter "TILA"), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (hereinafter "Regulation Z"), involving the purchase and financing of a used automobile. (D.I. 1) Plaintiff alleges that Defendant failed to deliver to her all disclosure documents related to a retail installment loan transaction (hereinafter the "Transaction") as required by TILA and Regulation Z. (*See id.* at 3) Plaintiff further alleges that Defendant failed to provide her with an accurate disclosure of the cost of credit in terms of annual percentage rate ("APR") as required by TILA and Regulation Z. (*See id.* at 4)

1

Defendant filed the Motion to Dismiss on July 17, 2012 (D.I. 4), to which Plaintiff responded on July 31, 2012 (D.I. 5). On December 26, 2012, Plaintiff moved the Court for a stay of the case in a letter stating that she was having trouble replacing her attorney, who had been ill and could not finish the case. (D.I. 7)

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal

evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### B. Motion to Stay

A court has the "inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Hence, granting or denying a motion to stay is within the broad discretionary powers of the Court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir.1976)). Generally, in deciding a motion to stay, the Court considers three factors: "(1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set." *Cephalon, Inc. v. Impax Labs., Inc.*, 2012 WL 3867568, at *2 (D. Del. Sept. 6, 2012).

## III. DISCUSSION

### A. Motion to Dismiss

Defendant bases the Motion to Dismiss on several grounds. Defendant first argues that Plaintiff fails to plead any actual damages or detrimental reliance. (*See* D.I. 4 at 1) However,

3

neither actual damages nor detrimental reliance are necessary elements in a TILA claim.

"This Court has squarely held that reliance is not an element of a cause of action under TILA." *Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 217 (3d Cir. 2002). While detrimental reliance is necessary to recover actual damages for a TILA disclosure violation, *see Vallies v. Sky Bank*, 591 F.3d 152, 159 (3d Cir. 2009), "statutory damages do not require detrimental reliance," *id.* at 164 (citing *Dzadovsky v. Lyons Ford Sales, Inc.*, 593 F.2d 538, 539 (3d Cir. 1979)). Here, Plaintiff prays for actual damages in "whatever amount Plaintiff is found to be entitled at trial," as well as statutory damages. (D.I. 1 at 3, 4) She may recover statutory damages even if she is not entitled to actual damages due to a lack of detrimental reliance. *See, e.g., Rucker v. Sheehy Alexandria, Inc.*, 228 F. Supp. 2d 711 (E.D. Va. 2002) (holding that car buyer was entitled to statutory damages under TILA because dealer miscalculated APR but not entitled to actual damages after failing to show detrimental reliance). Dismissal is unwarranted.

Additionally, financial loss "need not be alleged" before a borrower may bring an action for technical violations of TILA and Regulation Z. *Dzadovsky*, 593 F.2d at 539; *see also Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437, 443 (3d Cir. 1977) (holding that technical violations of Regulation Z are actionable "in order to vindicate the intent of the Congress and Framers of Regulation Z"). Congress enacted TILA to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a); *see also Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 285 (7th Cir. 1997) (stating that purpose of TILA "is to protect consumers from being misled about the cost of credit").

Plaintiff alleges that Defendant violated TILA and Regulation Z by failing to provide her

4

all required disclosures and failing to provide an accurate APR. (*See* D.I. 1 at 3-4) Those allegations are technical violations of TILA and Regulation Z and actionable regardless of whether Plaintiff detrimentally relied or can show actual damages.

Defendant next contends that the disclosed APR shows a benefit to Plaintiff and as a result she has no actual damages. (*See* D.I. 4 at 1-2) In this respect, Defendant admits that the finance charge and APR disclosed to Plaintiff during the Transaction were inaccurate. (*See id.* at 2) As such, again, Plaintiff has stated at least technical violations of TILA and Regulation Z. Dismissal would not be proper.

Finally, Defendant argues that the disclosure error was due to a "bona fide error" and, therefore, Defendant is not liable under 15 U.S.C. § 1640(c). (D.I. 4 at 3) Violators of TILA may not be held liable "if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c). While Defendant may ultimately be able to prove this defense, it does not provide a basis for dismissing the complaint at this time. *See, e.g., Pincus v. Law Offices of Erskine & Fleisher*, 617 F. Supp. 2d 1265, 1270 (S.D. Fla. 2009) (holding that bona fide error defense under FDCPA "turns on questions of fact and cannot be resolved on a motion to dismiss").

### III. MOTION TO STAY

In a letter to the Court on December 26, 2012, Plaintiff requests an indefinite stay of the case. (D.I. 7) She states that her attorney had been ill and will not be able to finish the case. (*Id.*) She further states that she has been unable to obtain new counsel. (*Id.*)

An indefinite stay is not warranted. Plaintiff's attorney of record has not withdrawn from

the case. Counsel last communicated with the Court in a letter filed on August 16, 2012. (D.I. 6) More than three months have passed since Plaintiff wrote to the Court, yet the docket does not indicate that counsel has requested to withdraw. Under the circumstances, the Court will order the parties to submit a joint status report in approximately thirty days and, in that report, provide their proposal as to how this case should proceed.

### IV. CONCLUSION

For the above reasons, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss (D.I. 4) is DENIED.

2. Plaintiff's Motion to Stay (D.I. 7) is DENIED.

3. The parties shall provide the Court with a joint status report no later than April 30, 2013.

_____
UNITED STATES DISTRICT JUDGE