IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELISSA MCCOURT, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-857-LPS |
| USA AUTO MALL, INC., | : | |
| Defendant. | : | |

Melissa McCourt, Dover, Delaware, Pro Se Plaintiff.

Peter K. Schaeffer, Jr., Esquire, Avenue Law, Dover, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 27, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Melissa McCourt ("Plaintiff") filed this consumer credit action on July 9, 2012. (D.I. 1) When Plaintiff commenced this action she was represented by counsel. She now appears *pro se*, although her counsel of record has not officially withdrawn from the case. Pending is Defendant USA Auto Mall d/b/a Auto Maxx's ("Defendant") motion to dismiss for failure to prosecute, to which Plaintiff responds. (D.I. 13, 15) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court will grant the motion.

## II. BACKGROUND

Plaintiff commenced this action on July 9, 2012. Defendant was served and filed a motion to dismiss, opposed by Plaintiff. (D.I. 4, 5) On December 26, 2012, Plaintiff filed a motion to stay, which was denied on March 29, 2013. (D.I. 7, 8) On October 23, 2013, the Court entered an order for the parties to provide a joint status report by October 30, 2013. Defendant advised the court on October 30, 2013 that its understanding was that Plaintiff was now proceeding *pro se,* as her counsel of record was on disability status. (D.I. 11) Defendant contacted Plaintiff at her last known address regarding the joint status report, but the letter was returned to Defendant because the "forward time" had expired. (*Id.*)

On March 25, 2014, Plaintiff telephoned the Clerk's Office regarding the status of her case. Following Plaintiff's telephone call, the Clerk's Office adjusted the Court docket to add Plaintiff's address and to indicate that Plaintiff was proceeding *pro se*. No action was taken until December 9, 2015, when the Court entered a scheduling order. (D.I. 12) On January 8, 2016, Defendant filed the instant motion to dismiss for failure to prosecute. (D.I. 13) When Plaintiff failed to respond to the motion, the Court entered an order setting a briefing schedule, requiring Plaintiff to respond to

1

the motion on or before June 3, 2016. (D.I. 14) Plaintiff filed a response on May 23, 2016. (D.I. 15)

### III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). The following six factors are to be considered in determining whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

### IV. DISCUSSION

Defendant moves for dismissal on the grounds that, at the time it filed its motion, Plaintiff had not "been heard from in over three years." (D.I. 13 at ¶ 4) As ordered by the Court, Plaintiff filed a response to the motion, but the motion does not address the failure to prosecute issue. (D.I. 15) Plaintiff provides no explanation for her failure to take action in this matter.

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, Plaintiff now proceeds *pro se* and, as a *pro se* litigant, she is solely responsible for prosecuting her claim. *See*

*Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff failed to proceed with discovery and the discovery deadline has now passed.

As to the third factor, the Court docket indicates a history of dilatoriness. Plaintiff took no action from March 25, 2014, when she contacted the Clerk's Office, until May 11, 2016, when she filed a response to Defendant's motion to dismiss. In addition, Plaintiff took no action to respond to the motion to dismiss until the Court entered a briefing schedule for her to do so. In addition, there is nothing on the docket that indicates Plaintiff has proceeded with discovery. Finally, Plaintiff's response to Defendant's motion to dismiss does not speak to the issue of dismissal for failure to prosecute but, instead, dwells on alleged improper conduct by Defendant.

As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute her claim against Defendant is willful or in bad faith. Only Plaintiff can take steps to prosecute the case against Defendant. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Precluding Plaintiff from presenting evidence at trial would have the same effect as dismissal. For the same reason, granting summary judgment in favor of Defendant or forbidding Plaintiff from pursuing discovery would have the same effect as dismissal. Finally, a monetary sanction is ineffective given Plaintiff's representation of her limited resources. (*See* D.I. 15 at 1) The Court finds the sixth factor, the merits of the claim, is neutral.

In light of the foregoing, the Court finds the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

The Court will grant Defendant's motion to dismiss for failure to prosecute. An appropriate Order will be entered.